# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| GALEN KINNEY, for himself and others similarly situated, | Case No. _____ |
| v. | |
| VP AVIATION TECHNICAL SERVICES, LLC f/k/a VP AVIATION TECHNICAL SERVICES, INC. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Galen Kinney is an aircraft mechanic.

2. He worked for VP Aviation Technical Services in Wichita, Kansas.

3. VP Aviation paid Kinney by the hour.

4. But VP Aviation does not pay Kinney time and a half when he works more than 40 hours in a week.

5. Instead, VP Aviation pays Kinney the same hourly rate for all hours worked, including those over 40 in a workweek.

6. This "straight time for overtime" pay plan violates the Fair Labor Standards Act (FLSA) and Kansas Wage Payment Act (KWPA).

7. Kinney brings this class and collective action to recover the unpaid wages, overtime, and other damages owed to himself and similarly situated workers.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Kinney brings this lawsuit under 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over the state-law claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

10. This Court has general personal jurisdiction over VP Aviation.

11. VP Aviation is a Delaware limited liability company and maintains its principal place of business in Pinellas County, Florida.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because VP Aviation is resident of this judicial district and a significant portion of the facts giving rise to this lawsuit occurred in this District.

## PARTIES

13. Kinney was an hourly employee of VP Aviation.

14. His written consent is attached.

15. VP Aviation provides "comprehensive aviation maintenance solutions, offering expertise in aircraft maintenance, AOG support, fixed-bid projects, and supplemental labor services (aviation staffing)." https://vpaviation.net/about/

16. VP Aviation's gross revenues exceeded $2,000,000 in each of the past 3 years.

17. VP Aviation's employees routinely use, handle, sell, or work on vehicles, aircraft, hand tools, equipment, cleaning supplies, and telephones that were produced for, and/or actually traveled in, interstate commerce.

18. VP Aviation is a "covered enterprise" under the FLSA.

19. VP Aviation employed Kinney.

20. VP Aviation can be served through its registered agent.

## FACTS

21. VP Aviation performs maintenance, repair, and overhaul (MRO) services on aircraft and their components.

22. VP Aviation is not, and does not purport to be, a common carrier.

23. To perform the services VP Aviation markets to its customers, VP Aviation needs workers including, but not limited to, aircraft mechanics like Kinney.

24. VP Aviation employees are subject to its supervision and control (including, e.g., control over hours worked and the manner in which the work is performed).

25. VP Aviation paid Kinney, and its other employees like Kinney, on a W-2 basis, withholding applicable employee taxes.

26. The workers covered by this lawsuit are VP Aviation's employees.

27. VP Aviation pays these workers by the hour.

28. But VP Aviation does not pay them overtime.

29. Instead, VP Aviation pays these workers at the same hourly rate for all the hours they work, including hours after 40 in a week.

30. Kinney was an hourly employee of VP Aviation.

31. VP Aviation hired Kinney in July 2023.

32. Kinney left VP Aviation in July 2024.

33. Kinney worked as an aircraft mechanic.

34. VP Aviation paid Kinney $45 an hour.

35. VP Aviation did not pay him overtime.

36. Instead, VP Aviation paid Kinney according to its straight time for overtime policy.

37. For example, Kinney worked 47 hours in the week in the workweek ending on April 7, 2024.

38. But VP Aviation did not pay him time and a half for hours for the 7 hours he worked over 40 in that week.

39. Instead, VP Aviation paid Kinney at the same hourly rate ($45) for all 47 hours.

40. Because of VP Aviation's straight time for overtime plan, Kinney never received any overtime premium.

41. VP Aviation tries to mask its overtime violations by giving the appearance of paying overtime.

42. VP Aviation uses a well-known ploy for evading the FLSA's overtime requirements, where a large portion of the hourly wages are designated as an hourly "per diem."

43. When he was hired, Kinney's "taxable" wages were listed as approximately $25/hr (remember, Kinney is an experienced aircraft mechanic).

44. But VP Aviation also paid him a so-called "Per Diem" hourly rate of approximately $20 for the first 40 hours only.

45. This "Per Diem" is tied to the number of hours Kinney worked.

46. Between his "taxable" wages and his so-called "per diem," Kinney's actual "regular rate" was $45 an hour. 29 U.S.C. § 207(e).

47. Kinney did not receive overtime based on his actual regular rate of approximately $45 an hour.

48. Rather than receiving $67.50/hour for overtime as required by the FLSA, VP Aviation paid Kinney $45 an hour for all hours worked.

49. Kinney reported his hours to VP Aviation.

50. VP Aviation's records reflect the hours Kinney worked each week.

51. Despite knowing Kinney was regularly working overtime, VP Aviation did not pay him overtime.

52. Rather than receiving time and half as required by the FLSA, Kinney only received "straight time" pay for his overtime hours.

53. This "straight time for overtime" payment scheme violates the FLSA.

54. VP Aviation applied the same straight time for overtime payment plan to all the class and collective action members Kinney seeks to represent.

55. Just as VP Aviation maintained records of the hours Kinney worked, it maintained records of the hours worked by the other employees like him.

56. VP Aviation knew the FLSA required it to pay overtime to workers like Kinney.

57. VP Aviation nonetheless failed to pay overtime to hourly employees like Kinney.

58. In fact, VP Aviation attempted to hide its wage and hour violations by using fake "per diem" payments.

59. VP Aviation's use of the "per diem" label to mask its straight time for overtime pay scheme is a well-known ruse in this industry. *See, e.g., Gagnon V. United TechniSource, Inc.*, 607 F.3d 1036 (5th Cir. 2010).

60. And VP Aviation has previously been sued for failing to pay required premium overtime wages to employees. *See*, *e.g.*, *Ramirez v. VP Aviation Technical Services, LLC*, Case No.: 8:13-cv-02977-JSM-TBM (M.D. Fla.).

61. VP Aviation's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

62. VP Aviation's illegal "straight time for overtime" policy extends beyond Kinney.

63. VP Aviation's "straight time for overtime" scheme is the "policy that is alleged to violate the FLSA" in this class and collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014).

64. VP Aviation paid dozens of hourly workers according to the same, common, unlawful scheme.

65. These workers (who total more than 100) worked in multiple states, including at least 40 in Kansas.

66. Upon information and belief, VP Aviation paid more than 100 workers according to its straight time for overtime policy.

67. Common questions of fact and law predominate in this class and collective action, including: (a) the legality of VP Aviation's straight time for overtime pay plan; (b) VP Aviation's "good faith" (or lack thereof) in adopting its straight time for overtime pay plan; and (c) VP Aviation's knowledge of the FLSA's overtime requirements.

68. Kinney's claims are typical of the other hourly employees impacted by VP Aviation's "straight time for overtime" plan because they arise from the application of the identical pay policy and he is not subject to any unique defenses.

69. All VP Aviation's hourly workers who were paid "straight time for overtime" are similar to Kinney because they are owed overtime for precisely the same reasons he is.

70. Any differences in job duties do not detract from the fact that all these hourly workers were and are entitled to overtime pay.

71. A class and collective action is a superior method for resolving the common questions that predominate in this case.

72. Absent a collective and class action, many workers may never recover as they will be denied the benefits of spreading costs and aggregating claims.

73. The VP Aviation workers impacted by the "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

74. Therefore, the FLSA collective is properly defined as:

**All hourly VP Aviation employees who were paid "straight time" for overtime at any point in the past 3 years.**

75. The Kansas class is properly defined as:

**All hourly VP Aviation employees in Kansas who were paid "straight time" for overtime at any point in the past 3 years.**

## CAUSES OF ACTION

### Count I
### Violation of the FLSA

76. Paragraphs 1-75 are realleged in this Count I.

77. By failing to pay Kinney and those similarly situated to him overtime for overtime hours worked, VP Aviation violated the FLSA. 29 U.S.C. § 207(a).

78. VP Aviation owes Kinney and those similarly situated to him the difference between the rate actually paid and the required overtime rate.

79. Because VP Aviation knew, or showed reckless disregard for whether, its pay practices violated the FLSA, VP Aviation owes these wages for at least the past three years.

80. VP Aviation is liable to Kinney and those similarly situated to him for an amount equal to all unpaid overtime as liquidated damages.

81. Kinney and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### Count II
### Violation of the KWPA

82. Paragraphs 1-75 are realleged in this Count II.

83. Kinney brings his KWPA claims on behalf of himself and the other Kansas Class Members (i.e., all hourly VP Aviation employees in Kansas who were paid "straight time" for overtime at any point in the past 3 years) pursuant to FED. R. CIV. P. 23.

84. VP Aviation's conduct violates the KWPA. *See* K.S.A. §§ 44-301 *et seq.*

9

85. VP Aviation violated the KWPA by paying dozens of hourly workers according to the same, common, unlawful straight time for overtime scheme.

86. At least 40 such employees worked in Kansas during the last 3 years.

87. Common questions of fact and law predominate in this class action, including: (a) the legality of VP Aviation's straight time for overtime pay plan and (b) VP Aviation's "good faith" (or lack thereof) in adopting its straight time for overtime pay plan.

88. Kinney's claims are typical of the other Kansas Class Members impacted by VP Aviation's "straight time for overtime" plan because they arise from the application of the identical pay policy of paying the Kansas Class Members the same hourly rate for all hours worked, including hours worked over 40 in a workweek.

89. VP Aviation's attempt to disguise wages by mislabeling wages as "per diem" does not change the fact that it unlawfully paid straight time wages for overtime hours instead of the premium overtime wages the Kansas Class Members earned.

90. Kinney is not subject to any unique defenses.

91. All VP Aviation's hourly employees who were paid "straight time for overtime" are similar to Kinney because they are owed earned overtime for precisely the same reasons he is.

92. Any differences in job duties do not detract from the fact that all these hourly workers were and are entitled to earned overtime wages.

93. A class action is a superior method for resolving the common questions that predominate in this case.

94. Absent a class action, many workers may never recover as they will be denied the benefits of spreading costs and aggregating claims.

95. The KWPA provides employees with a private right of action to recover back wages. K.S.A. § 44-324(a); *Spor v. Presta Oil Co.*, 14 Kan. App. 2d 696, 697 (1990).

96. At all relevant times, VP Aviation was subject to the KWPA because VP Aviation was (and is) an "employer" within the meaning of the KWPA. K.S.A. § 44-313(a).

97. At all relevant times, VP Aviation employed the Kansas Class Members as its covered "employees" within the meaning of the KWPA. K.S.A. § 44-313(b).

98. The Kansas Class Members are non-exempt employees entitled to all earned wages, including overtime wages at the required rates, under the KWPA. K.S.A. §§ 44-313, 319; K.A.R. § 49-20-1d.

99. The KWPA requires employers, like VP Aviation, to pay FLSA non-exempt employees, such as the Kansas Class Members, earned overtime wages at rates of at least 1.5 times their regular rates of pay for all hours worked over 40 in a workweek. K.S.A. § 44-313, 319(a); K.A.R. § 49-20-1d; *see also, Elkins v. Showcase, Inc.*, 237 Kan. 720, 727-729 (1985).

100. VP Aviation violated, and is violating, the KWPA by failing to pay the Kansas Class Members earned overtime wages at rates of at least 1.5 times their true regular rates of pay for hours worked over 40 in a workweek.

101. VP Aviation's unlawful conduct harmed the Kansas Class Members by depriving them of earned overtime wages they are owed.

102. Accordingly, VP Aviation owes the Kansas Class Members the difference between the wages paid and the wages actually earned, plus interest, as provided under K.S.A. 16-201 from the date the wages were due, as defined by the KWPA, as well as any other penalties provided for under Kansas law.

## **PRAYER FOR RELIEF**

103. Kinney prays for relief as follows:

   a) An order allowing this action to proceed as a collective action and directing notice to all hourly employees who received straight time for overtime;

   b) An Order certifying this action as a class action pursuant to FED. R. CIV. P. 23;

   c) An Order appointing Kinney and his counsel to represent the interests of the Kansas Class Members;

   d) Judgment awarding Kinney and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees, and costs;

e) An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f) All such other and further relief to which Kinney and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**MORGAN & MORGAN, PA**

By: /s/ C. Ryan Morgan
    C. Ryan Morgan
    FL Bar No. 15527
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32801-4979
Tel: (407) 420-1414
rmorgan@forthepeople.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
**Josephson Dunlap LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com